110

United States District Court
Southern District of Texas
ENTERED

FEB 0 9 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

LAWRENCE A. WALSH, §
§
    Plaintiff, §
§
v. § CIVIL ACTION NO. B-96-83
§
TREASURE HILLS INVS., ET AL., §
§
    Defendants. §

## Order

BE IT REMEMBERED that on February 8, 1999, the Court considered Plaintiff LAWRENCE A. WALSH's ("Walsh") motion for enforcement and summary judgment on settlement agreement (Dkt. No. 84). After considering the motion and argument of counsel, the Court concludes that the Plaintiff's motion for enforcement and summary judgment should be DENIED.

The agreement dictated to and transcribed by the court reporter is neither "in writing, signed and filed with the papers as part of the record," nor "made in open court and entered of record," as required by Texas Rules of Civil Procedure. Tex. R. Civ. P. 11. Because the agreement does not comport with Rule 11, it is not an enforceable settlement agreement. In addition, the Court finds that the deponents did not understand the terms dealing with the condition precedent and joint and several liability of the individual directors of Treasure Hills. The Court finds that there was no meeting of the minds between the parties at the July 30, 1996 deposition, therefore, the settlement agreement cannot be enforced.

1

I. *Factual Background*

At their deposition on July 30, 1996, Defendants Carlos Cuellar, Hector De Zamacona, and Roberto Lozano-Lozano, designated representatives of Defendant Treasure Hills Investments ("Treasure Hills"), indicated that they were willing to discuss a possible settlement. After hours of discussions, the Defendants were asked to confirm on the record the terms of a settlement agreement. The Defendants, all Mexican nationals, requested an interpreter. Gloria Gonzalez, Plaintiff's employee, interpreted the proceedings. The statement of facts containing the agreement's terms was signed only by the court reporter. The statement of facts was filed as an attachment to Plaintiff's initial motion for summary judgment (Dkt. No. 10) on the original promissory note and to Defendant Treasure Hills's response to Plaintiff's motion for summary judgment (Dkt. No. 14).

At a status conference held thereafter, the parties informed Magistrate Judge Fidencio Garza that an agreed judgment would be filed on or before October 25, 1996. The parties never submitted an agreed judgment. Instead, Defendant Treasure Hills filed a motion to withdraw its response to Plaintiff's motion for summary judgment (Dkt. No. 25) in December 1996. On January 17, 1997, Plaintiff filed a motion for enforcement and interpretation of the settlement agreement dictated at the deposition (Dkt. No. 51). Plaintiff amended his complaint a second time on April 23, 1997 to include enforcement of the settlement agreement.

On May 9, 1997, Magistrate Judge Garza denied Plaintiff's initial motion for summary judgment (Dkt. No. 10), indicating that fact issues pertaining to the validity of the settlement agreement of July 30, 1996 as well as the legality of the underlying promissory note precluded summary judgment at that stage in the litigation. The magistrate, however, declined to rule on the motion for enforcement.

2

Another hearing on the motion for enforcement of the settlement agreement of July 30, 1996 and related motions was held by Magistrate Judge Garza on January 13, 1998. Testimony was heard from Walsh, Cuellar, De Zamacona, and Gloria Gonzalez, the interpreter present at the deposition. The motion for enforcement was taken under advisement by Magistrate Judge Garza. This Court withdrew magistrate referral on September 1, 1998.

This case centers on a promissory note for $1,500,000 executed by Treasure Hills in December 1991 in favor of American Express Bank International ("American Express"). The managing directors for Treasure Hills at all relevant times were: Hector De Zamacona, Roberto Lozano-Lozano, Carlos Garcia-Villarreal, Alberto Diaz-Rivera, and Gaston Derbez-Cantu. Carlos Cuellar was the General Manager. The note was executed in California with the assistance of a third party, Ricardo Aguirre Villagomez ("Aguirre"), who signed a pledge agreement as security for the note through his company Green Mountain Holdings, Ltd. ("Green Mountain"). Unknown to the Treasure Hills directors, Aguirre had been laundering money for drug lord Juan Garcia Abrego through various companies, including Green Mountain.[1] Treasure Hills never made payments on the promissory note during the subsequent criminal and civil proceedings against American Express and Aguirre. In late 1995, Plaintiff, as trustee for Aguirre's widow and three daughters, obtained the note as part of a settlement agreement against American Express based on its alleged mishandling of the beneficiaries' assets that were not illegal drug proceeds.

The instant cause of action was then filed against Treasure Hills and its managing directors in May 1996 for collection on the note.

---

[1] The Court takes judicial notice of the following cases: <u>United States of America v. Ricardo Aguirre, et al.</u>, Criminal No. B-93-28-S.D. Texas; <u>United States of America v. American Express Bank International</u>, Civil Action No. B-94-311-SD Texas; <u>United States of America v. All Property Held in the Bank Accounts and Investments Portfolios of Green Mountain, Redmoro, Ricardo Aguirre-Villagomez, Rogelio Rodriguez, Casa De Cambio Colon, and Black Horse Investments, Inc.</u>, Civil Action No. B-93-163-SD Texas.

II. *Discussion*

Plaintiff moves for enforcement and summary judgment of the settlement agreement of July 30, 1996, as pleaded in his second amended complaint. Plaintiff argues that the depositions, pleadings, affidavits, and other evidence prove the parties settled this case. Defendant Treasure Hills, however, disputes that an enforceable settlement agreement was consummated.

    A.    *Settlement Agreements under Texas Law*

This case is based on diversity of citizenship under 28 U.S.C. §1332. Therefore, the issue of enforcement of the settlement agreement is governed by Texas Law. <u>Vasquez v. Alto Bonito Gravel Plant Corp.</u>, 56 F.3d 689, 693 (5th Cir. 1995). Under Texas law, Rule 11 of the Texas Rules of Civil Procedure governs enforceability of settlement agreements. Rule 11 states that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." Tex. R. Civ. P. 11. Federal courts can enforce settlement agreements once the requirements of Rule 11 have been satisfied, provided the agreement is an enforceable contract. <u>In re Omni Video, Inc.</u>, 60 F.3d 230, 232 (5th Cir. 1995).

The parties do not disagree that De Zamacona, Cuellar, and Lozano-Lozano appeared for their deposition and engaged in settlement discussions before the actual deposition. The terms of the agreement were dictated to the court reporter who was there for the purpose of recording the deposition. The court reporter transcribed the proceedings and signed the statement of facts. Neither the parties nor their attorneys signed the statement of facts. It is also undisputed that the Plaintiff attached a copy of the statement of facts with his motion for summary judgment and that the Defendant Treasure Hills attached a copy in its response. The parities never indicated to the court that a settlement

4

had been reached; instead, they informed the magistrate that an agreed judgment would be filed with the court.

Plaintiff argues that the certified shorthand reporter's statement of facts is the substantial equivalent to a signed Rule 11 agreement. In support of his position, he cites <u>Kosowska v. Khan</u>, 929 S.W.2d 505 (Tex. App.--San Antonio 1996). In <u>Kosowska</u>, the San Antonio Court of Appeals held that the policy behind Rule 11 supported its holding that a court reporter's statement of facts of a settlement agreement signed only by her and filed as part of the record substantially complies with Rule 11. <u>Id</u>. at 507. However, the Plaintiff disregards a more recent Texas case. In <u>Tindall v. Bishop, Peterson & Sharp, P.C.</u>, 961 S.W.2d 248 (Tex. App.--Houston [1st Dist.] 1997), the <u>en banc</u> Houston Court of Appeals examined a situation where the parties dictated the terms of a settlement agreement to a certified court reporter specifically as a "Rule 11 Settlement Agreement." <u>Id</u>. at 248. Neither the attorneys nor the parities signed the statement of facts before filing it as part of the record. The court held that the agreement did not comply with Rule 11.

In the instant case, the Court holds that a certified shorthand reporter's statement of facts when it is not signed by either the parties or their attorneys is neither "in writing, signed and filed with the papers as part of the record," nor "made in open court and entered of record," as required by Texas Rules of Civil Procedure. Tex. R. Civ. P. 11. The settlement agreement dictated to and transcribed by the court reporter at the July 30, 1996 deposition, therefore, is not enforceable under Texas law.

B. *"Meeting of the Minds" in the July 30, 1996 Agreement*

Defendant Treasure Hills argues that the July 30, 1996 agreement cannot be enforced because there was no meeting of the minds at the deposition. The crux of the defendant's argument centers on Cuellar, Zamacona, and Lozano-Lozano's understanding of the agreement's terms because the proceedings were conducted in English and all three deponents' primary language is Spanish. Although the deposition was conducted with the

5

aid of an interpreter, they contend that material terms of the agreement were not explained to them.

A federal court has the power to determine disputed facts relating to a settlement agreement. Lee v. Hunt, 631 F.2d 1171, 1177 (5th Cir. 1980). When material facts are disputed in the course of a proceeding to enforce a settlement agreement, the district court should hold a hearing to obtain evidence on the factual matters in dispute. Id. The magistrate held a full hearing on the motion for enforcement and related motions on January 13, 1998. Magistrate Judge Garza heard testimony from Walsh, Zamacona, Cuellar, and Gloria Gonzalez, the interpreter for the depositions.

At the hearing, Plaintiff Walsh testified that all the terms of the agreement were fully explained to the deponents by Mr. Wilkes Alexander, the attorney for Treasure Hills, and himself. Defendants Zamacona and Cuellar, however, testified that, at the time of their deposition, they understood the agreement to have a condition precedent requiring a court to determine the legality of the underlying promissory note before enforcing the settlement. They also testified that they did not understand the terms dealing with joint and several liability meant that the directors of Treasure Hills would be individually liable.

Ms. Gonzalez, who speaks Spanish but is not a certified translator, testified that she did not translate or explain the meaning of joint and several liability at the deposition. In addition, she indicated that she did not know the meaning of the term condition precedent. Plaintiff Walsh, in response, testified that both terms were explained by him and Mr. Alexander during the settlement negotiations off the record and immediately prior to the July 30, 1996 deposition. After evaluating the deposition statement of facts, arguments of counsel, and the witnesses' testimony, the magistrate concluded that fact issues precluded granting summary judgment on the original note because issues of material fact existed as to whether there was a meeting of the minds during the depositions as well as on the legality of the underlying promissory note itself. Although declining to rule on the Plaintiff's

6

motion to enforce the settlement agreement, the magistrate denied the initial motion for summary judgment on the promissory note (Dkt. Nos. 81 & 82).

The Court agrees with the magistrate that fact issues precluded summary judgment on the underlying promissory note. This Court has also considered all the evidence from hearing on January 13, 1998 and all other pleadings. After reviewing the testimony proffered at the January 1998 hearing before Magistrate Judge Garza, the Court finds that no meeting of the minds existed at the July 30, 1996 deposition.

III. *Conclusion*

The Court finds that the July 30, 1996 deposition statement of facts do not comport with the requirements of Rule 11 of the Texas Rules of Civil Procedure, and, therefore, is not an enforceable settlement agreement under Texas law. After reviewing the entire case file, July 30, 1996 deposition statement of facts, statement of facts of the various hearings, including the testimony all witnesses at the January 13, 1998 hearing before Magistrate Judge Garza, and argument of counsel, the Court finds that the deponents did not understand the terms of the July 30 settlement agreement with regard to the condition precedent and joint and several liability. Therefore, there was no meeting of the minds on the settlement agreement during the July 30, 1996 deposition. Because there was no meeting of the minds, there can be no binding contract to enforce. It is therefore the opinion of this Court that Plaintiff's motion for enforcement and summary judgement (Dkt. No. 84) should be DENIED.

DONE at Brownsville, Texas, this eighth day of February 1999.

Hilda G. Tagle
United States District Judge

7